■ KATHERINE VEGA, Appellant, v NORTHLAND MARKETING CORP., Doing Business as CITGO, Respondent, et al., Defendant. [735 NYS2d 213] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated March 19, 2001, as granted the cross motion of the defendant Northland Marketing Corp., d/b/a Citgo, for sum-

mary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the cross motion of the defendant Northland Marketing Corp., d/b/a Citgo (hereinafter Citgo), for summary judgment. An employer is vicariously liable for the torts of its employee, even when the employee's actions are intentional, if the actions were done while the employee was acting within the scope of his or her employment (*see, Riviello v Waldron,* 47 NY2d 297, 302). However, there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employer's business (*see, Riviello v Waldron, supra; Flowers v New York City Tr. Auth.,* 267 AD2d 132; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, *cert denied* 522 US 967; *Ray v Metropolitan Transp. Auth.,* 221 AD2d 613, *cert denied sub nom. Ray v Willett,* 519 US 822; *Adams v New York City Tr. Auth.,* 211 AD2d 285, *affd* 88 NY2d 116; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401). The actions of the defendant Milkid Singh, a gasoline attendant at Citgo, in striking and pushing the plaintiff when she inquired about the gasoline pump's meter while purchasing gasoline from Citgo were not incidental to the furtherance of Citgo's business and fell outside the scope of Singh's employment. Moreover, Singh's intentional conduct could not have reasonably been expected by his employer (*cf., Helbig v City of New York,* 212 AD2d 506).

Furthermore, there is no evidence that Citgo had negligently hired, or failed to properly supervise Singh. The plaintiff failed to raise an issue of fact as to whether Citgo knew or should have known of Singh's propensity for the conduct which caused the plaintiff's injury (*see, Kenneth R. v Roman Catholic Diocese, supra,* at 161; *Kirkman v Astoria Gen. Hosp., supra,* at 403; *Detone v Bullit Courier Serv.,* 140 AD2d 278). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.