■ MICHAEL BRANCATO, Respondent, v DEE AND DEE PURCHASING, INC., et al., Appellants, et al., Defendant. [745 NYS2d 564] —In an action to recover damages for personal injuries, the defendants Dee and Dee Purchasing, Inc., doing business as Dee and Dee Stores, Inc., and Robert J. Dweck and Albert Dweck, doing business as Dee and Dee Stores appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated May 17, 2001, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as asserted against the defendants Dee and Dee Purchasing, Inc., doing business as Dee and Dee Stores, Inc., and Robert J. Dweck and Albert Dweck, doing business as Dee and Dee Stores, and the action against the remaining defendant is severed.

The Supreme Court improperly denied the cross motion of

the defendants Dee and Dee Purchasing, Inc., doing business as Dee and Dee Stores, Inc., and Robert J. Dweck and Albert Dweck, doing business as Dee and Dee Stores (hereinafter collectively referred to as the Dee and Dee defendants) for summary judgment dismissing the complaint insofar as asserted against them. An employer is vicariously liable for the torts of its employee, even when the employee's actions are intentional, if the actions were done while the employee was acting within the scope of his employment (see Riviello v Waldron, 47 NY2d 297, 302). However, there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employer's business (see Riviello v Waldron, supra; Vega v Northland Mktg. Corp., 289 AD2d 565).

Here, the plaintiff, a police officer, was injured when he was struck by the defendant Edward Mora, an employee of the Dee and Dee defendants. Mora's actions in striking the plaintiff were not incidental to the furtherance of the Dee and Dee defendants' business interests and fell outside the scope of Mora's employment. Moreover, Mora's intentional conduct could not have reasonably been expected by his employer (see Vega v Northland Mktg. Corp., supra).

The Supreme Court similarly should have dismissed the plaintiff's claim that the Dee and Dee defendants negligently hired Mora. A necessary element of a cause of action for negligent hiring is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). In this case, there is no evidence that the defendants had any such knowledge. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.