■ SONIA OLIVA et al., Respondents, v CITY OF NEW YORK, Respondent, and POLICE ATHLETIC LEAGUE, Appellant. [748 NYS2d 164]

The plaintiff David Oliva (hereinafter the plaintiff), then a nine-year-old sixth grader, alleges that he was assaulted by Reginald Gibson, a youth counselor employed by the defendant Police Athletic League (hereinafter PAL).

The Supreme Court properly granted the motion of the defendant City of New York (hereinafter the City) for summary judgment dismissing all cross claims insofar as asserted against it. A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Here, the City demonstrated the absence of any triable issue of fact with respect to its claim that Gibson was not an employee of the City. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York, supra*). In opposition, PAL and the plaintiffs failed to raise a triable issue of fact.

The Supreme Court improperly denied PAL's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. An employer is vicariously liable for the torts of its employee, even when the employee's actions are intentional, if the actions were done while the employee was acting within the scope of his employment (*see Brancato v Dee & Dee Purchasing,* 296 AD2d 518; *Riviello v Waldron,* 47 NY2d 297, 302). However, there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employer's business (*see Riviello v Waldron, supra; Vega v Northland Mktg. Corp.,* 289 AD2d 565).

Here, the plaintiff alleges that he was assaulted by Gibson while he waited for a van to take him home. Gibson's actions in allegedly assaulting the plaintiff were not incidental to the furtherance of PAL's business interests and fell outside the scope of Gibson's employment. Moreover, Gibson's allegedly

intentional conduct could not reasonably have been expected by his employer (*see Vega v Northland Mktg. Corp., supra*).

In addition, PAL is entitled to summary judgment dismissing the cause of action alleging that it negligently hired Gibson. A necessary element of a cause of action for negligent hiring is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161, *cert denied* 522 US 967; *see Kirkman v Astoria Gen. Hosp.*, 204 AD2d 401, 403). There is no evidence that PAL had any such knowledge, or that any such evidence even existed. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.