■ William P. Day, Appellant, v J. Vlachos Hellenic Service Station, Inc., et al., Respondents, et al., Defendant. [767 NYS2d 893]—

In an action, inter alia, to recover damages for personal

injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated June 12, 2002, as granted the motion of the defendants J. Vlachos Hellenic Service Station, Jerry Vlachos, and Helen Vlachos for summary judgment dismissing the complaint insofar as asserted against them and as denied that branch of his cross motion which was for partial summary judgment against those defendants on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted summary judgment to the defendants J. Vlachos Hellenic Service Station, Inc., Jerry Vlachos, and Helen Vlachos (hereinafter the movants).

Assuming that the defendant Remo Zoni, the plaintiff's assailant, was an employee of the movants, a necessary element of a cause of action alleging negligent hiring is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Brancato v Dee & Dee Purch.*, 296 AD2d 518, 519 [2002]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *see Oliva v City of New York*, 297 AD2d 789, 791 [2002]; *Sato v Correa*, 272 AD2d 389, 389-390 [2000]). The movants satisfied their initial burden of demonstrating their entitlement to judgment as a matter of law by adducing evidence that they had no knowledge of Zoni's alleged violent propensities, and no reason to suspect him of having such propensities (*see Oliva v City of New York, supra*). In opposition, the plaintiff failed to meet his burden of raising a triable issue of fact as to whether the movants had, or should have had, such knowledge (*see Sato v Correa, supra* at 390).

Moreover, contrary to the plaintiff's contentions, the movants were under no duty to inquire into the possibility that Zoni previously had been convicted of crimes (*see Yeboah v Snapple, Inc.*, 286 AD2d 204, 205 [2001]; *Olson v B & S Caring Assoc.*, 271 AD2d 588, 589 [2000]; *Amendolara v Macy's N.Y.*, 19 AD2d 702 [1963]). In any event, the plaintiff failed to raise a triable issue that a routine background check would have revealed a propensity towards violence on the part of Zoni (*see K. I. v New York City Bd. of Educ.*, 256 AD2d 189, 191 [1998]; *Curtis v County of Oneida*, 248 AD2d 999 [1998]).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.