■ PATRICIA WHITE, Appellant, v JAMIL ABDO ALKOUTAYNI et al., Respondents, et al., Defendants. [794 NYS2d 667]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated January 23, 2004, as granted that branch of the motion of the defendant Jamil Abdo Alkoutayni which was for summary judgment dismissing the complaint insofar as asserted against him, granted that branch of the cross motion of the defendant Abdo Ali Salgh, also known as Abdo Sali Saleh, which was for summary judgment dismissing the complaint insofar as asserted against him, and denied those branches of her cross motion which were to strike the separate answers of the defendants

Jamil Abdo Alkoutayni and Abdo Ali Salgh, also known as Abdo Sali Saleh, and to stay their respective motions pending further discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Jamil Abdo Alkoutayni which was for summary judgment dismissing the complaint insofar as asserted against him and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and the complaint is reinstated insofar as asserted against the defendant Jamil Abdo Alkoutayni, with one bill of costs payable by the defendant Jamil Abdo Alkoutayni to the plaintiff and with one bill of costs payable by the plaintiff to the defendant Abdo Ali Salgh, also known as Ado A. Saleh.

An employer is vicariously liable for the torts of an employee, even when the employee's actions are intentional, if done while the employee was acting within the scope of employment (*see Sims v Bergamo,* 3 NY2d 531, 534-535 [1957]; *Brancato v Dee & Dee Purch.,* 296 AD2d 518, 519 [2002]). However, liability will not attach if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business (*see Brancato v Dee & Dee Purch., supra; Vega v Northland Mktg. Corp.,* 289 AD2d 565, 566 [2001]; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 402 [1994]). The determination of whether a particular act was within the scope of employment is so heavily dependent on factual considerations that the question is ordinarily one for the jury (*see Patterson v Khan,* 240 AD2d 644 [1997]; *Young Bai Choi v D & D Novelties,* 157 AD2d 777, 778 [1990]).

The defendant Jamil Abdo Alkoutayni failed to submit evidence sufficient to establish his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). A triable issue of fact exists as to whether the alleged assailant of the plaintiff was Alkoutayni's employee (*cf. Kwak v Wolfenson,* 258 AD2d 418 [1999]). Moreover, contrary to Alkoutayni's contention, assuming that the assailant was his employee, a question of fact exists as to whether the assailant was acting within the scope of his employment when he allegedly struck the plaintiff (*see Patterson v Khan, supra*).

The plaintiffs' remaining contentions do not warrant further relief. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.