■ KENNETH F. SCHUHMANN, JR., Respondent, v MICHAEL McBRIDE, Defendant, and MATTY BEANS CAFÉ, INC., Appellant. [804 NYS2d 779]—

In an action to recover damages for personal injuries, the defendant Matty Beans Café, Inc., appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), dated August 17, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On the evening of September 14, 2001, the plaintiff and his cousin went to the appellant's restaurant. During the course of the evening, the manager of the restaurant, also a part-owner, was informed by a customer that the plaintiff and his cousin were intentionally flooding the bathroom. The manager confronted the plaintiff about this, and an argument ensued. Following the argument, the plaintiff left the restaurant and walked across the street to his vehicle. The defendant Michael McBride, the manager's estranged husband, followed the plaintiff out of the restaurant and assaulted him. The plaintiff commenced this action against McBride and the appellant to recover damages for personal injuries.

Given the conflicting testimonies of the plaintiff, the restaurant manager, and another witness, a trier of fact could draw conflicting inferences as to whether McBride was employed by the appellant (*see Castronovo v Doe*, 274 AD2d 442, 443 [2000]). Viewing the evidence in the light most favorable to the plaintiff and according the plaintiff the benefit of every reasonable inference (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]), a triable issue of fact exists as to whether McBride was employed by the appellant at the time of the assault.

Nevertheless, contrary to the Supreme Court's determination, the appellant established its entitlement to judgment as a matter of law by demonstrating that even if it employed McBride, his actions in assaulting the plaintiff were not incidental to the furtherance of the appellant's business interests and fell outside the scope of his employment (*see Brancato v Dee & Dee Purch.*, 296 AD2d 518, 519 [2002]; *Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact with regard to whether McBride was acting within the scope of his employment (*see Rausman v Baugh*, 248 AD2d 8 [1998]; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.