■ VENICE CARNEGIE, Respondent, v J.P. PHILLIPS, INC., Appellant, et al., Defendant. [815 NYS2d 107]—

In an action, inter alia, to recover damages for personal injuries, the defendant J.P. Phillips, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated December 3, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant J.P. Phillips, Inc., and the action against the remaining defendant is severed.

The plaintiff alleged that in April 2000 he was assaulted at his place of employment by the defendant Don Sierng, also known as Donald Siering. Siering was employed by the appellant, J.P. Phillips, Inc., a subcontractor performing work at the building where the plaintiff was employed. The complaint premised the appellant's liability on theories of respondeat superior and negligent hiring and supervision. The appellant contends that, as a matter of law, it cannot be held liable for

Siering's conduct based on either of the asserted grounds. We agree.

The appellant satisfied its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and the burden then shifted to the plaintiff, who failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

An employer is vicariously liable for its employees' torts, even where the offending employee's conduct was intentional, if the acts were committed while the employee was acting within the scope of his or her employment (*see Elmore v City of New York,* 15 AD3d 334 [2005]; *Oliva v City of New York,* 297 AD2d 789 [2002]; *Brancato v Dee & Dee Purch.,* 296 AD2d 518 [2002]; *Vega v Northland Mktg. Corp.,* 289 AD2d 565 [2001]). However, the employer bears no vicarious liability where the employee committed the tort for personal motives unrelated to the furtherance of the employer's business (*see Oliva v City of New York, supra; Brancato v Dee & Dee Purch., supra; Vega v Northland Mktg. Corp., supra*). Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer (*id.* at 566). In the instant case, Siering's alleged conduct was, as a matter of law, not within the scope of his employment, nor was it reasonably foreseeable (*id.*).

Similarly, as a matter of law, the appellant was not liable for Siering's alleged conduct under theories of negligent hiring or negligent supervision. In this regard, the plaintiff presented no evidence of a required element of such claims, i.e., that the employer knew or should have known of the employee's propensity for the conduct resulting in the injury (*see Doe v Whitney,* 8 AD3d 610, 612 [2004]; *Oliva v City of New York, supra* at 791; *Brancato v Dee & Dee Purch., supra* at 519; *Vega v Northland Mktg. Corp., supra* at 566; *Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161 [1997], *lv dismissed* 91 NY2d 848 [1997], *cert denied* 522 US 967 [1997]). Moreover, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (*Doe v Whitney, supra* at 612, quoting *Kenneth R. v Roman Catholic Diocese of Brooklyn, supra* at 161). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.