■ WILLIE McARTHUR, Respondent, v J.M. MAIN STREET, INC., et al., Appellants, et al., Defendant. [847 NYS2d 233]—

In an action to recover damages for personal injuries, the defendants J.M. Main Street, Inc., Estevez Grocery, Inc., Jorge Estevez, and Maria Estevez appeal, as limited by their brief, from so much an order of the Supreme Court, Nassau County (Palmieri, J.), dated February 8, 2007, as denied that branch of their motion which was for summary judgment dismissing the second and third causes of action insofar as they are based upon a claim of vicarious liability for the acts of their employee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the second and third causes of action insofar as they are based upon a claim of vicarious liability for the acts of the appellants' employee is granted.

The proof submitted by the appellants showed that, even accepting the plaintiff's version of the events as true, there was no liability on the part of the appellants. The acts complained of were, as a matter of law, outside the scope of the employment of the appellants' employee (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]; *Schuhmann v McBride*, 23 AD3d 542 [2005]; *Brancato v Dee & Dee Purch.*, 296 AD2d 518 [2002]; *cf. Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, summary judgment should have been granted to the appellants dismissing the second and third causes of action insofar as they

are based upon a claim of vicarious liability for the acts of the appellants' employee. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.