■ EDUARDO FERNANDEZ, Respondent, v RUSTIC INN, INC., et al., Respondents, and HOME DEPOT U.S.A., INC., Appellant, et al., Defendant. [876 NYS2d 99]—

In an action to recover damages for personal injuries, the defendant Home Depot U.S.A., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated April 10, 2008, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it to the extent that its seeks recovery on a theory of respondeat superior, and dismissing all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant Home Depot U.S.A., Inc., which were for summary judgment dismissing the complaint insofar as asserted against it to the extent that it seeks recovery on a theory of respondeat superior and dismissing all cross claims insofar as asserted against it are granted.

In December 2003 the defendant John Mills was employed by the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot), as an overnight stock associate at one of its stores. In order to enable Mills to perform his duties, which included opening boxes of inventory, Home Depot issued him a utility knife. However, since the utility knife allegedly was poorly suited for cutting through shrink wrap, a fellow employee gave Mills one of the box cutters which were sold at the Home Depot store where they both worked.

On the night of December 22, 2003 Mills attended an employee Christmas party at the store. In accordance with company policy, Home Depot did not serve alcoholic beverages at the holiday party. At about 11:30 P.M. Mills left the Home Depot party and went to the Rustic Inn, where other employees and their friends had gathered for an "after party." While at the Rustic Inn, Mills allegedly consumed alcoholic beverages and became intoxicated. At about 3:00 A.M. on December 23, 2003 Jessica Aponte, a coworker acting as a designated driver,

agreed to drive Mills to his residence in a borrowed car. Mills fell asleep in the car that Aponte borrowed, and Aponte's boyfriend, the plaintiff Eduardo Fernandez, attempted to wake Mills up by shaking him. According to the plaintiff, after being roused from sleep, Mills pulled out his Home Depot box cutter, and slashed him across his face and back. As a result of this incident, Mills was arrested and convicted of assault in the second degree and criminal possession of a weapon in the fourth degree.

The plaintiff subsequently commenced this personal injury action asserting several causes of action seeking, inter alia, to hold Home Depot liable for his injuries on theories of respondeat superior, negligent hiring and supervision, negligent entrustment, and violation of the Dram Shop Act (General Obligations Law § 11-101). The plaintiff also asserted a Dram Shop claim against the defendant Rustic Inn, Inc., the owner of the Rustic Inn.

After depositions had been conducted, Home Depot moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that the doctrine of respondeat superior did not apply because Mills was acting outside the scope of his employment when he intentionally assaulted the plaintiff. Home Depot also argued that the plaintiff could not recover on theories of negligent hiring and supervision, or negligent entrustment, since it had conducted a background check on Mills which revealed only a sealed juvenile record, and he had never demonstrated any threatening behavior prior to the assault. Furthermore, Home Depot sought summary dismissal of the plaintiff's Dram Shop claim because it had not served alcohol at its holiday party.

The Supreme Court, in effect, granted those branches of Home Depot's motion which were for summary judgment dismissing the negligent hiring and supervision, negligent entrustment, and Dram Shop causes of action, noting that it was undisputed that Home Depot had not engaged in the commercial sale of alcohol, and that there was no evidence that Home Depot knew or should have known that Mills had a propensity for violent conduct. However, the court denied the branch of Home Depot's motion which was for summary judgment dismissing the complaint to the extent that its seeks recovery on a theory of respondeat superior, noting that there were allegations that it was common practice for employees to use box cutters in the course of their employment, and that while Home Depot rules required employees to place their equipment in lockers at the end of their shifts, the store had alleg-

edly failed to assign Mills a locker. The court concluded that these allegations were sufficient to raise a triable issue of fact as to whether Mills's conduct was "generally foreseeable by Home Depot [so] as to hold it liable under the doctrine of respondeat superior." We disagree.

As a general rule, a defendant "has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" (*D'Amico v Christie,* 71 NY2d 76, 88 [1987]). Certain relationships, however, including the relationship between an employer and employee, may give rise to a duty to exercise control (*id.* at 88). Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933 [1999]; *Riviello v Waldron,* 47 NY2d 297, 302 [1979]). Pursuant to the doctrine, "the employer may be held liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.,* 93 NY2d at 933). However, liability will not attach for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business (*see Carnegie v J.P. Phillips, Inc.,* 28 AD3d 599, 600 [2006]; *Schuhmann v McBride,* 23 AD3d 542, 543 [2005]; *Oliva v City of New York,* 297 AD2d 789, 790 [2002]; *Vega v Northland Mktg. Corp.,* 289 AD2d 565, 566 [2001]).

Here, Home Depot made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, to the extent that it is predicated on the doctrine of respondeat superior, by submitting evidence demonstrating that the assault took place away from its premises several hours after Mills had left a holiday party, and that his assault on the plaintiff was committed for personal motives unrelated to the furtherance of his employment (*see Schuhmann v McBride,* 23 AD3d at 543; *Oliva v City of New York,* 297 AD2d at 790; *Vega v Northland Mktg. Corp.,* 289 AD2d at 566). Regardless of whether it is generally foreseeable that an employee who has allegedly not been assigned a locker might retain company-owned tools or equipment on his or her person while away from his or her place of employment, it cannot be said that Mills was acting within the scope of his employment in committing an assault completely unrelated to the furtherance of Home Depot's business. In opposition to Home Depot's showing in this regard, the plaintiff failed to raise a triable issue of

fact as to whether Mills was acting within the scope of his employment.

Furthermore, we reject the plaintiff's alternative contention that his negligence claims against Home Depot need not be summarily dismissed in their entirety even if Mills were acting outside of the scope of his employment because Mills committed the assault with a box cutter allegedly owned by Home Depot. The Restatement (Second) of Torts § 317 posits that an employer has a duty to control the conduct of an employee, even outside the scope of employment, where the employee "is using a chattel of the master." Even if the courts of this State were to adopt this Restatement rule (*see D'Amico v Christie,* 71 NY2d at 88), it is applicable only where, inter alia, the employer "knows or should know of the necessity and opportunity for exercising such control" (Restatement [Second] of Torts § 317).

Here, it is undisputed that the assault occurred away from Home Depot's store, and there is no evidence that Home Depot knew or should have known that Mills had violent propensities which might arguably warrant restricting his access to certain tools. Under these circumstances, there is no basis to conclude that Home Depot knew or should have known of the necessity and opportunity to exercise control over Mills's conduct. Accordingly, the court should have granted, in its entirety, Home Depot's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.