■ PAMELA DANKO, Appellant, v FOREST LAKE CAMP, INC., Respondent. [882 NYS2d 280]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated April 24, 2008, which granted the defendant's motion for summary judgment dismissing the complaint, (2) from an order of the same court, also dated April 24, 2008, which, in effect, denied, as academic, her motion for summary judgment on the issue of liability, and (3), as limited by her brief, from so much of an order of the same court dated July 17, 2008, as, upon reargument, in effect, adhered to the original determinations in the orders dated April 24, 2008.

Ordered that the appeals from the orders dated April 24, 2008 are dismissed, as those orders were superseded by the order dated July 17, 2008, made upon reargument; and it is further,

Ordered that the order dated July 17, 2008 is affirmed insofar as appealed from, and it further,

Ordered that one bill of costs is awarded to the defendant.

During the summer of 2006, the plaintiff's 16 year-old son James Danko (hereinafter Danko) was attending the defendant's camp in the Adirondack Mountains, as a camper and counselor-in-training. One "[v]ery dark" night, as Danko described it at his deposition, Danko and a fellow camper, Scott Irwin, were sitting on the porch of a cabin within the campgrounds. At some point, Irwin began to shine his flashlight at an individual who was walking a distance away, in an attempt, according to Danko's deposition testimony, to ascertain the identity of the passerby. That individual was, in fact, assistant head counselor Peter J. McKenna. Irwin continued to "beam" the light at McKenna for approximately 20 seconds. Subsequently, in the absence of any verbal exchange, McKenna threw the flashlight he was carrying in the direction of Irwin and Danko, striking Danko in the head, and causing him to sustain, inter alia, a fractured skull. The plaintiff subsequently commenced this action alleging, among other things, that the defendant was liable on the theory of respondeat superior.

The defendant established, prima facie, its entitlement to judgment as a matter of law (*see McArthur v J.M. Main St., Inc.*, 46 AD3d 639 [2007]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d

599, 600 [2006]; *Schuhmann v McBride,* 23 AD3d 542, 543 [2005]; *cf. Riviello v Waldron,* 47 NY2d 297, 302-303 [1979]). The defendant's evidence, which included, inter alia, Danko's deposition testimony and an affidavit sworn to by the defendant's owner and director Gary Confer established that the action taken by McKenna was committed for personal motives unrelated to the defendant's business and could not reasonably have been anticipated by the employer (*see Carnegie v J.P. Phillips, Inc.,* 28 AD3d at 600; *Vega v Northland Mktg. Corp.,* 289 AD2d 565 [2001]). Here, McKenna's conduct was, as a matter of law, not within the scope of his employment, nor was it reasonably foreseeable (*see Carnegie v J.P. Phillips, Inc.,* 28 AD3d at 600).

In opposition, the plaintiff failed to raise a triable issue of fact with regard to whether McKenna was acting within the scope of his employment (*see Schuhmann v McBride,* 23 AD3d at 543).

Accordingly, upon reargument, the Supreme Court properly, in effect, adhered to the original determinations. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.