SANTO LOMBARDO et al., Respondents, v MASTEC NORTH AMERICA, INC., et al., Defendants, and QUEENS NETWORK CABLE, Appellant. (And a Third-Party Action.) [893 NYS2d 78]—

In March 2001 the plaintiff Santo Lombardo (hereinafter the plaintiff) allegedly was assaulted by Sean Regan and Kenneth Plaza at his place of employment. Regan and Plaza were members of the defendant I.B.E.W., Local #3, a labor union (hereinafter Local 3). Queens Network Cable Corp., sued herein as Queens Network Cable (hereinafter QNCC), had contracted with Local 3 for the purpose of providing personnel at certain job sites, including the building where the plaintiff was employed.

In July 2001 the plaintiff and his wife, suing derivatively, commenced the instant action against QNCC, among others, alleging that QNCC "negligently and carelessly" evaluated, screened, and assessed Regan and Plaza "as suitable employees," after "having due notice" of their dangerous and vicious propensities. In effect, the complaint premised QNCC's liability solely on theories of negligent hiring and supervision. In the complaint, the plaintiffs did not allege a theory of vicarious liability as against QNCC. In the order appealed from, the Supreme Court denied that branch of QNCC's motion, made jointly with the defendant Mastec North America, Inc., which was for summary judgment dismissing the complaint insofar as asserted against QNCC. The Supreme Court acknowledged that a theory of vicarious liability had not been alleged against QNCC. However, upon searching the record and, in effect, determining that the plaintiffs should have pleaded a cause of action alleging vicarious liability, the Supreme Court denied that branch of the motion. In this regard, the Supreme Court found that there was a triable issue of fact as to whether the alleged intentional tort committed by Regan and Plaza was "in furtherance" of QNCC's business. We reverse.

Initially, the Supreme Court erred in, sua sponte, raising and considering a claim of vicarious liability against QNCC. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions" (*Com-*

sewogue *Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]; *see Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 280-281 [1978]; *Gallello v MARJ Distribs., Inc.,* 50 AD3d 734, 736 [2008]; *Medina v Sears, Roebuck & Co.,* 41 AD3d 798, 799-800 [2007]), here, the plaintiffs never presented a claim of vicarious liability against QNCC, either in the complaint or in opposition to the motion. Instead, the Supreme Court, sua sponte, raised this new theory, and did so more than seven years after the action was commenced.

In any event, QNCC was entitled to summary judgment in its favor even if a theory of vicarious liability had been alleged against it in the complaint (*see* CPLR 3212; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). "Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment" (*Fernandez v Rustic Inn, Inc.,* 60 AD3d 893, 896 [2009]; *see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933 [1999]). Significantly, liability will not attach for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business (*see Carnegie v J.P. Phillips, Inc.,* 28 AD3d 599, 600 [2006]; *Schuhmann v McBride,* 23 AD3d 542, 543 [2005]). In the instant action, the alleged tortious conduct of Regan and Plaza was, as a matter of law, unrelated to the furtherance of QNCC's business (*see Fernandez v Rustic Inn, Inc.,* 60 AD3d at 896; *Carnegie v J.P. Phillips, Inc.,* 28 AD3d at 600).

Similarly, as a matter of law, QNCC was not liable for Regan and Plaza's alleged conduct under theories of negligent hiring or negligent supervision. QNCC demonstrated its prima facie entitlement to judgment as a matter of law with respect to these claims, and the plaintiffs failed to raise a triable issue of fact in opposition thereto (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). There was no evidence that QNCC knew or should have known of the propensity of Regan and Plaza to engage in the conduct resulting in the alleged injury (*see Carnegie v J.P. Phillips, Inc.,* 28 AD3d at 600; *Doe v Whitney,* 8 AD3d 610, 612 [2004]; *Oliva v City of New York,* 297 AD2d 789, 791 [2002]). Rivera, J.P., Dillon, Miller and Roman, JJ., concur.