■ BRIDGET JACKSON et al., Appellants, v NEW YORK UNIVERSITY DOWNTOWN HOSPITAL, Respondent, et al., Defendant. [893 NYS2d 235]—

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business" (*Fernandez v Rustic Inn, Inc.,* 60 AD3d 893, 896 [2009]; *see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933 [1999]; *R. v R.,* 37 AD3d 577, 578 [2007]; *Steinborn v Himmel,* 9 AD3d 531, 532 [2004]), the employer may be held liable for negligent hiring, supervision, and retention of the employee (*see Sandra M. v St. Luke's Roosevelt Hosp. Ctr.,* 33 AD3d 875, 878-879 [2006]; *Peter T. v Children's Vil., Inc.,* 30 AD3d 582, 586 [2006]; *Carnegie v J.P. Phillips, Inc.,* 28 AD3d 599, 600 [2006]; *Doe v Rohan,* 17 AD3d 509, 512 [2005]; *Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]).

To establish a cause of action based on negligent hiring and supervision, it must be shown that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d at 161; *see Sandra M. v St. Luke's Roosevelt Hosp. Ctr.,* 33 AD3d at 878; *Peter T. v Children's Vil., Inc.,* 30 AD3d at 586; *Travis v United Health Servs. Hosps., Inc.,* 23 AD3d 884, 884-885 [2005]; *Ghaffari v North Rockland Cent. School Dist.,* 23 AD3d 342, 343-344 [2005]; *Doe v Rohan,* 17 AD3d 509, 512 [2005]; *Oliva v City of New York,* 297 AD2d 789, 791 [2002]). "Moreover, '[t]here is no common-law duty to institute specific procedures for hiring employees unless the

employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee' " (*Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600, quoting *Doe v Whitney*, 8 AD3d 610, 612 [2004]).

Here, the defendant New York University Downtown Hospital (hereinafter NYUDH) established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Accordingly, the Supreme Court properly granted NYUDH's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Fisher, Belen and Austin, JJ., concur. **[Prior Case History: 18 Misc 3d 1109(A), 2007 NY Slip Op 52481(U).]**