■ XIN TANG WU, Respondent, v CHERYL P. NG, Defendant, and GENERAL HUMAN OUTREACH, INC., Appellant. [894 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant General Human Outreach Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 13, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly sustained personal injuries when a bicycle he was riding collided with a vehicle owned and operated by the defendant Cheryl P. Ng. At the time, Ng was employed by the defendant General Human Outreach, Inc. (hereinafter the appellant). On the day of the accident, Ng, who worked in the appellant's Brooklyn office, reported to work at the appellant's main office in Queens to attend a meeting. After the meeting, she drove her own vehicle to return to the Brooklyn office. Cathy Liang, who worked in the main office, had to attend a meeting at the Brooklyn office later in the day and asked Ng for a ride, and Ng consented. The appellant had a policy of reimbursing employees for mileage when they used their personal vehicles during work hours for work-related purposes.

When they were approximately one or two blocks away from the Brooklyn office, Ng pulled the vehicle over to the curb.

Liang contacted Ng's supervisor on Ng's behalf to either inform the supervisor that Ng was going on her lunch break or to ask if Ng could take her lunch break at that time. The supervisor did not object, and Ng pulled her vehicle away from the curb. Ng and Liang intended to pick up some food that was not available in the area around the office and then return to the office to eat. They did not have a particular restaurant in mind, but they knew of the general area where they wanted to go. They were on their way to pick up their lunch when the collision occurred some 35 blocks away from the Brooklyn office. Ng and Liang were not paid for their lunch hours. Ng only sought reimbursement for the distance traveled from the Queens office to the Brooklyn office.

As a result of the accident, the plaintiff commenced this action against Ng and the appellant. The appellant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it could not be held vicariously liable for Ng's alleged negligence, since Ng was not acting within the scope of her employment at the time of the accident. The Supreme Court denied the motion. We reverse the order insofar as appealed from.

An employer is vicariously liable for its employees' torts under the theory of respondeat superior if the acts were committed while the employee was acting within the scope of his or her employment (*see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 437 [1981]). Liability, however, will not attach if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]; *State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859 [2005]). " 'An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment' " (*Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034 [2007], quoting *Davis v Larhette*, 39 AD3d 693, 694 [2007]; *see Smith v Midwood Realty Assoc.*, 289 AD2d 391, 391-392 [2001]; *Oliva v City of New York*, 297 AD2d 789 [2002]). Here, the appellant submitted evidence sufficient to establish, prima facie, that Ng was driving her personal vehicle to engage in a personal venture, namely, to pick up lunch during her unpaid lunch break, and that she was not acting within the scope of her employment at the time of the accident (*see Riviello v Waldron*, 47 NY2d 297 [1979]; *Agostino v Pennysaver Group*, 284 AD2d 353 [2001]; *Casimiro v Thayer*, 229 AD2d 958 [1996];

*Overton v Ebert,* 180 AD2d 955, 956 [1992]; *see also Matter of Gabriele v Educational Bus Transp., Inc.,* 17 AD3d 910 [2005]). In opposition, neither the plaintiff nor Ng submitted evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judg-ment dismissing the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.