■ LAUREN SHOR, Respondent, v TOUCH-N-GO FARMS, INC., Appellant, et al., Defendant. [920 NYS2d 709]—

In an action to recover damages for personal injuries, the defendant Touch-N-Go Farms, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 26, 2010, as denied its motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Touch-N-Go Farms, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff alleged that she was sexually assaulted by the defendant Charles David Tollinchi, Jr., at the premises of the defendant Touch-N-Go Farms, Inc. (hereinafter the appellant), while she was taking equestrian lessons from him. The plaintiff alleged that the appellant was negligent in hiring, retaining, supervising, and investigating Tollinchi. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground that Tollinchi was not its employee, but was instead an independent contractor who paid the appellant to use its facilities. The Supreme Court, inter alia, denied the motion. We reverse the order insofar as appealed from.

To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury (*see Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801 [2010]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]). " '[T]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee' " (*Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006], quoting *Doe v Whitney*, 8 AD3d 610, 612 [2004]). Even if Tollinchi were the appellant's employee, the appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not know or have reason to know of Tollinchi's alleged propensity for the conduct which caused the injury (*see Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801 [2010]; *Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly,

the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.