■ CHRISTINA D. HORVATH, as Administratrix of the Estate of JOSEPH J. HORVATH, Also Known as JOSEPH HORVATH, JR., et al., Appellants, v L & B GARDENS, INC., et al., Respondents, et al., Defendants. [932 NYS2d 184]—

This action arises from a physical altercation between the plaintiff John Kolompar and Joseph J. Horvath, the deceased brother of the plaintiff Christina D. Horvath, on one side, and on the other side, several employees of the defendants L & B Gardens, Inc., and L & B Gardens, Inc., doing business as L & B Spumoni Gardens (hereinafter together L & B), a restaurant in Brooklyn, New York.

Pursuant to the doctrine of respondeat superior, an employer can be held vicariously liable for torts committed by an employee acting within the scope of employment (*see Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009], citing *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Pursuant to the doctrine, an "employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d at 933). However, "liability will not attach for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business" (*Fernandez v Rustic Inn, Inc.*, 60 AD3d at 896).

Here, the evidence relied upon by L & B in support of its motion was sufficient to establish, prima facie, that L & B could not be held vicariously liable for its employees' intentional torts

under the theory of respondeat superior. L & B's submissions demonstrated that the altercation took place away from its premises after L & B had closed for the evening, and that the altercation arose from personal motives unrelated to the furtherance of L & B's business interests (*see Schulman v McBride*, 23 AD3d 542, 542-543 [2005]; *see also Fernandez v Rustic Inn, Inc.*, 60 AD3d at 896-897; *Savages v City of N.Y. Hous. Auth.*, 172 AD2d 506, 508 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted L & B's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Eng, Belen and Austin, JJ., concur. **[Prior Case History: 29 Misc 3d 1211(A), 2010 NY Slip Op 51795(U).]**