■ CHRISTOPHER C. EVANS, Appellant, v CITY OF MOUNT VERNON et al., Respondents, et al., Defendant. [939 NYS2d 130]—

On March 14, 2006, Christopher C. Evans, then age 14, sustained injuries when he was pushed to the ground by Delio Valdes, a fire safety inspector for the City of Mount Vernon Fire Department. Evans, by his mother and natural guardian (hereinafter the plaintiff), commenced this action against the City of Mount Vernon and the City of Mount Vernon Fire Department (hereinafter together the municipal defendants), alleging vicarious liability and negligent hiring and supervision with respect to Valdes, and against Valdes individually.

An employer is vicariously liable for the acts of its employee committed within the scope of employment and in furtherance of the employer's business (see *Fernandez v Rustic Inn, Inc.*, 60 AD3d 893 [2009]; *Schuhmann v McBride*, 23 AD3d 542 [2005]; *Brancato v Dee & Dee Purch.*, 296 AD2d 518 [2002]; *Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001]). The municipal defendants established their prima facie entitlement to judgment as a matter of law as to the vicarious liability cause of action by showing that Valdes's conduct in pushing the plaintiff was not within the scope of his employment. In opposition, the plaintiff failed to raise a triable issue of fact (see *Schuhmann v McBride*, 23 AD3d 542 [2005]; *Vega v Northland Mktg. Corp.*, 289 AD2d at 566).

To establish a cause of action based on negligent hiring and supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury (see *Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801 [2010]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]). The municipal defendants established their prima facie entitlement to judgment as a matter of law as to the negligent hiring and supervision cause of action by showing that they were not on notice that Valdes allegedly had violent propensities (see *Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801 [2010]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600). In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Jackson v New York Univ. Downtown Hosp.*, 69

AD3d 801 [2010]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d at 600; *Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO*, 8 AD3d 1033, 1034-1035 [2004]).

Accordingly, the Supreme Court properly granted the motion of the municipal defendants for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of the plaintiff's motion which was for leave to renew. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.