■ RAMON NEREY et al., Respondents, v GREENPOINT MORT-GAGE FUNDING, INC., et al., Defendants, and STEPHEN J. SIKOR-SKI, Appellant. [983 NYS2d 888]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Grays, J.), entered October 5, 2012, as granted that branch of the motion of the defendants Steven Weiss and Mortgage Mall, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action of the amended complaint insofar as asserted against the defendant Mortgage Mall, Inc., and the defendant Steven Weiss cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Steven Weiss and Mortgage Mall, Inc., which was to dismiss the third cause of action of the amended complaint insofar as asserted against the defendant Mortgage Mall, Inc., is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Minovici v Belkin BV, 109 AD3d 520, 521 [2013]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851 [2012]).

Here, the Supreme Court improperly granted that branch of the motion of the defendants Steven Weiss and Mortgage Mall, Inc. (hereinafter Mortgage Mall), which was to dismiss the third cause of action insofar as asserted against Mortgage Mall, upon concluding that the allegations set forth in that cause of action did not make reference to that defendant. The third cause of action incorporates all of the previous allegations of the amended complaint, including the allegation that Weiss was acting on behalf of Mortgage Mall in his dealings with the plaintiffs. Pursuant to the doctrine of respondeat superior, an employer is vicariously liable for torts committed by an employee within the scope of employment and in furtherance of the employer's business (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]; Evans v City of Mount Vernon, 92 AD3d 829 [2012]). Accordingly, the allegations of fraud against Weiss that were articulated in the third cause of action assert, at the very least, a cause of action against Mortgage Mall sounding in vicarious liability.

The order appealed from does not address any cause of action to recover damages for conspiracy to commit fraud purportedly asserted against Mortgage Mall. Thus, the plaintiffs' contentions regarding the conspiracy cause of action are not properly before this Court.

The cross appeal must be dismissed as abandoned (see *Sirma v Beach*, 59 AD3d 611 [2009]), as the brief of the respondent-appellant does not request reversal of any portion of the order. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.