■ MIRTA DEJESUS et al., Appellants, v LEONCIO DEJESUS, Defendant, and 8757 BAY 16, LLC, et al., Respondents. [18 NYS3d 103]—

In an action, inter alia, to recover damages for negligence,

the plaintiffs separately appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 14, 2013, which granted the motion of the defendants 8757 Bay 16, LLC, FTC Management, Inc., Felicia Colon Management, Inc., Community Managers, and Felicia Colon for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs were tenants in an apartment building owned or managed by the defendants 8757 Bay 16, LLC, FTC Management, Inc., Felicia Colon Management, Inc., Community Managers, and Felicia Colon (hereinafter collectively the FTC defendants). The plaintiffs alleged that the building's superintendent, the defendant Leoncio DeJesus (hereinafter the superintendent), assaulted them by intentionally throwing a chemical drain unclogging agent on them, causing injuries. The complaint premised the FTC defendants' liability on theories of respondent superior and negligent supervision, hiring, and training of the superintendent.

The FTC defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging that they were vicariously liable for the superintendent's conduct pursuant to the doctrine of respondeat superior. The FTC defendants submitted evidence establishing, prima facie, that even if the plaintiffs' version of the events is true, the superintendent was not acting within the scope of his employment at the time of the incident and the superintendent's alleged conduct was not reasonably foreseeable by them (*see Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]; *Yildiz v PJ Food Serv., Inc.*, 82 AD3d 971, 972 [2011]; *Schuhmann v McBride*, 23 AD3d 542, 543 [2005]; *Brancato v Dee & Dee Purch.*, 296 AD2d 518, 519 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Accordingly, the Supreme Court properly granted that branch of the FTC defendants' motion which was for summary judgment dismissing the cause of action alleging that they were vicariously liable for the acts of the superintendent.

To establish a cause of action based on negligent supervision, hiring, or training, a plaintiff must establish that the employer knew or should have known that the employee had violent propensities (*see Evans v City of Mount Vernon*, 92 AD3d 829, 830 [2012]; *Shor v Touch-N-Go Farms, Inc.*, 89 AD3d 830, 831 [2011]), or a propensity for the conduct which resulted in the plaintiffs' alleged injury (*see Gui Ying Shi v McDonald's Corp.*, 110 AD3d at 680). Here, the FTC defendants established their

prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision, hiring, and training by submitting evidence demonstrating that they did not know or have reason to know that the superintendent had violent propensities or the propensity to commit the act that he allegedly committed (*see id.*). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324-325). Accordingly, the Supreme Court properly granted those branches of the FTC defendants' motion which were for summary judgment dismissing the cause of action alleging negligent supervision, hiring, and training. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur. ■