■ SAMUEL WEISS, Appellant, v SOLOMON HAGER et al., Defendants, and CAPITAL ONE, N.A., Respondent. [58 NYS3d 403]—

In an action, inter alia, to recover damages for fraud and negligence, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), entered February 3, 2015, which granted the motion of the defendant Capital One, N.A., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff is a successful real estate investor who

deposited more than $40 million into an account at a bank branch of the defendant Capital One, N.A. (hereinafter Capital One). The defendant Solomon Hager was a "business concierge" at the bank. Hager introduced the plaintiff to the defendant Irving Goldstein, who was not a Capital One employee, for the purpose of making investments into medium term notes, a product purportedly available only in foreign markets. Goldstein then introduced the plaintiff to other defendants, some of whom were located in Israel and Switzerland. Over the next two years, an elaborate confidence scheme unfolded whereby the plaintiff deposited millions of dollars into bank accounts located in Israel, Switzerland, and Denmark, which were controlled by the overseas defendants. The plaintiff was unable to recover approximately $20 million of the funds he transferred into foreign accounts, and commenced this action, inter alia, to recover damages for fraud and negligence. Capital One moved for summary judgment dismissing the complaint insofar as asserted against it, asserting that it bore no liability for the plaintiff's investment losses. The Supreme Court granted Capital One's motion, and the plaintiff appeals.

The Supreme Court properly granted Capital One's motion for summary judgment dismissing the complaint insofar as asserted against it. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Furthermore, the principal is "responsible for the acts of its authorized agents even if particular acts were unauthorized. . . . And where conduct falls within the scope of the agents' authority, everything they know or do is imputed to their principals" (*Kirschner v KPMG LLP*, 15 NY3d 446, 465-466 [2010] [citations omitted]).

However, when an employee's actions are a gross departure from normal performance, his or her actions cannot be considered to be within the scope of his or her employment (*see Roberts v 112 Duane Assoc. LLC*, 32 AD3d 366, 369 [2006]). Concomitantly, creation of an agency for some purpose does not automatically invest the agent with apparent authority to bind the principal without limitation (*see Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1110 [2008]).

Here, in opposition to Capital One's prima facie showing, the

plaintiff failed to raise a triable issue of fact as to Hager's actual authority to refer the plaintiff to an individual outside Capital One for investment advice. Furthermore, Hager's actions in introducing the plaintiff into a fraudulent scheme outside the bank were so clearly outside the scope of his employment that his actions were not reasonably foreseeable by Capital One (*see Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 298-299 [2000]). The fact that the meeting with Goldstein did not occur at the Capital One bank branch further militates against liability based on a theory of respondeat superior (*see Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 804 [2011]; *Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]).

The plaintiff also failed to raise a triable issue of fact in opposition to Capital One's prima facie showing that Hager had no apparent authority to refer the plaintiff to an individual outside Capital One for investment advice. The existence of apparent authority depends on the words or actions of the principal, not the agent (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *Wood v Carter Co.*, 273 AD2d 7 [2000]). The plaintiff points to no specific words or actions of any Capital One representative which clothed Hager with the apparent authority to introduce the plaintiff to individuals outside the bank for the purpose of investing in foreign schemes (*see Fleet Credit Corp. v Cabin Serv. Co.*, 192 AD2d 421, 424 [1993]).

Moreover, the plaintiff could rely on the appearance of authority only to the extent that such reliance was reasonable (*see Hallock v State*, 64 NY2d at 231). Here, the plaintiff's reliance was unreasonable as a matter of law. The stated returns on the investment offered to him, 300% in one week with zero risk, were so extraordinary as to be unbelievable, triggering the duty of reasonable inquiry into Hager's actual authority (*see Collision Plan Unlimited v Bankers Trust Co.*, 63 NY2d 827, 830-831 [1984]; *ER Holdings, LLC v 122 W.P.R. Corp.*, 65 AD3d 1275, 1277 [2009]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 100 [2006]; *Heffernan v Marine Midland Bank*, 267 AD2d 83, 84 [1999]).

With respect to the plaintiff's claims that are not based on vicarious liability, Capital One established its prima facie entitlement to judgment as a matter of law that its alleged actions were not the proximate cause of the plaintiff's injury, and the plaintiff failed to raise a triable issue of fact in opposition. "An intervening act may break the causal nexus when it is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from

the defendant's conduct" (*Maheshwari v City of New York*, 2 NY3d 288, 295 [2004] [internal quotation marks omitted]). Thus, an independent intervening act may constitute a superseding cause, and be sufficient to relieve defendants of liability, "if it is of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]).

Here, contrary to the plaintiff's contentions, the injury the plaintiff suffered is attenuated from any actions of Capital One with respect to the plaintiff's account. There were numerous individuals who subsequently acted to cause the plaintiff to transfer money into overseas banks. The plaintiff's own failure to conduct any due diligence with regard to the scheme is an additional superseding cause. The plaintiff had invested millions of dollars in real estate over the years, and was therefore a seasoned businessman (*see Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495, 496 [2006]). Nevertheless, he did not consult an attorney or financial advisor, or seek information from the Securities and Exchange Commission. Reliance on misrepresentations is not justified when the truth could have been discovered with due diligence (*see KNK Enters., Inc. v Harriman Enters., Inc.*, 33 AD3d 872, 872 [2006]). Accordingly, the Supreme Court properly granted Capital One's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.