■ LYNNE PERKINS, Respondent, v RUDOLFINE KATZ, Appellant. — Order, Supreme Court, New York County, entered on May 1, 1980, which, *inter alia,* denied defendant's motion to dismiss plaintiff's first cause of action for failure to state a cause of action; denied defendant's motion to dismiss the complaint as being time barred; and granted plaintiff's cross motion to amend the complaint, is unanimously modified, on the law, to the extent of dismissing the first and second causes of action, and otherwise affirmed, without costs. On August 12, 1977, plaintiff first became a patient of the defendant psychiatrist. For approximately two years prior to this consultation, plaintiff was under the care and treatment of a licensed psychologist. At no time prior to her treatment by defendant doctor was the plaintiff diagnosed as a manic depressive, nor were any medication or drugs prescribed for her use. After plaintiff's third visit, the defendant prescribed the drug "Mellaril", an antidepressant. The plaintiff suffered ill side effects from this drug. Its use was discontinued by the defendant and a substitute drug prescribed. This substitute, and a subsequently prescribed third drug, also produced ill side effects. Approximately three months after plaintiff's initial consultation, the defendant diagnosed her condition as manic depressive and recommended that she be admitted to the Psychiatric Ward of Elmhurst General Hospital. After administering some drugs to the plaintiff, the defendant drove her to the hospital. She was admitted and immediately placed in a locked psychiatric ward where she was compelled to ingest the drug "Mellaril". Plaintiff remained in this ward for the next 10 days despite repeated attempts by her and family members to secure her discharge. In this malpractice action, the plaintiff alleges that she was injured by her confinement at the Elmhurst General Hospital Psychiatric Ward for 10 days where she was compelled to take the afore-mentioned drug "Mellaril", and that her confinement in this hospital by this defendant was accomplished without her informed consent. Plaintiff's amended complaint, though similar to the original complaint, contains an added third cause of action founded in medical malpractice. On this appeal the defendant does not challenge this third cause of action. Plaintiff maintains that when the defendant informed her that she should enter the hospital, she was told that she would be free to come and go as she pleased. Instead, she was compelled to remain in a locked ward for 10 days. In addition, she was required to take the drug "Mellaril" which the defendant had previously known to be adverse to the plaintiff's health. Plaintiff further alleges that after she was admitted, she was informed for the first time that defendant was no longer her physician and would not be available to treat her while she was a patient in the hospital. Upon plaintiff's discharge, it was determined that she was not a manic depressive as diagnosed by Dr. Katz, and that the treatment she had received was not proper for her condition. The first cause of action as

pleaded is legally insufficient. Certain allegations contained therein are more properly part of the second cause of action, but that cause of action is time barred, as will be discussed. The allegations contained in the first cause of action which seem to charge general medical malpractice constitute mere surplusage as such claim is adequately covered by the new third cause of action contained in the amended complaint. Accordingly, the entire first cause of action should be dismissed. The second cause of action should be dismissed since this action was commenced more than one year after the alleged assault and battery upon which it is premised (CPLR 215, subd 3). The foregoing in no way limits plaintiff's right to establish her malpractice claim as presently pleaded in her amended complaint. She may still attempt to prove malpractice on the part of the defendant based on what occurred while she was a patient in the hospital, even though defendant doctor was not on the staff or associated with the hospital. It cannot be determined, as a matter of law, that the doctor-patient relationship terminated upon plaintiff's admission to the hospital. Concur — Sandler, J.P., Ross, Carro, Markewich and Fein, JJ.