■ BARBARA PRATT et al., Respondents, v OCEAN MEDICAL CARE, P. C., Defendant, and CLIFFORD D. MURRAY, Appellant. [637 NYS2d 307] —In an action to recover damages based on medical malpractice, the defendant Clifford Murray appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated May 10, 1994, as denied those branches of his motion which were to dismiss the first and fifth causes of action, and (2) an order of the same court, dated June 29, 1994, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 10, 1994, is dismissed, as that order was superseded by the order dated June 29, 1994, made upon reargument; and it is further,

Ordered that the order dated June 29, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The allegations contained in the plaintiffs' first cause of action, incorporated by reference into the fifth cause of action, are broad enough to encompass the theory that the defendant Clifford D. Murray, a physician, negligently "manipulated" or "massaged" the body of the plaintiff Barbara Pratt, who was his patient, in a manner inconsistent with accepted medical practice. Under these, and all of the other circumstances presented in the record, we cannot conclude as a matter of law that a one-year Statute of Limitations (CPLR 215 [3]) rather than a two-and-one-half-year Statute of Limitations (CPLR 214-a) should be applied so as to warrant pre-answer dismissal of the first and fifth causes of action (CPLR 3211 [a] [5]; *see generally, Hammer v Rosen* 7 NY2d 376; *Mullany v Eiseman*, 125 AD2d 457; *Perkins v Katz*, 81 AD2d 763; *cf., Deborah S.S. v Yo-*

*gesh N.G.*, 175 Wis 2d 436, 499 NW2d 272). Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.