■ BARBARA PRATT et al., Respondents, v OCEAN MEDICAL CARE, P. C., Appellant, et al., Defendant. (And a Third-Party Action.) [653 NYS2d 608] —In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Ocean Medical Care, P. C. appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated December 15, 1995, as denied those branches of its motion for summary judgment which were to dismiss the first, fourth, and fifth causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the appellant Ocean Medical Care, P. C. which was to dismiss the plaintiff's first cause of action (*see, Pratt v Ocean Med. Care,* 223 AD2d 583; *see also, Pratt v Ocean Med. Care,* 236 AD2d 381 [decided herewith]).

We also agree with the Supreme Court that the appellant failed to demonstrate its entitlement to summary judgment with respect to the plaintiffs' fourth cause of action based on negligent hiring. The appellant may have shown that it had no notice of any dangerous propensities on the part of the codefendant. However, such a showing would entitle the appellant to summary judgment only if it could also be concluded, as a matter of law, that the appellant took all reasonably necessary measures to evaluate the codefendant's fitness at the time of his hiring. Where, as here, there are questions of fact for the jury as to the adequacy of the appellant's screening process for new employees, summary judgment is not warranted (*cf., Ford v Gildin,* 200 AD2d 224).

Finally, we agree with the Supreme Court that, in New York, a derivative claim for loss of consortium can be asserted even where the principal claim is based on emotional rather than physical injuries (*see, Delosovic v City of New York,* 143 Misc 2d 801, *affd* 174 AD2d 407; *see also, Dazzo v Meyers,* 83 AD2d 14, 21). Therefore, the court properly denied summary judgment to the appellant on the fifth cause of action. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.