■ LUCILLE GIANGRASSO as Conservator for ANNETTE D. GIANGRASSO, Respondent, v ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, Defendant, and TOWN TRANSPORT BUS Co., Appellant. [664 NYS2d 569] —In an action to recover damages for personal injuries, the defendant Town Bus Corp. s/h/a Town Transport Bus Co. appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated September 27, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the defendant Town Bus Corp. s/h/a Town Transport Bus Co. (hereinafter Town Bus) cannot be held vicariously liable for the intentional tort committed by its employee bus driver, since the employee's acts were wholly personal in nature, fell outside the scope of his employment, and were not in furtherance of Town Bus's business (*see generally, Riviello v Waldron,* 47 NY2d 297; *Curtis v City of Utica,* 209 AD2d 1024; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401). However, the Supreme Court properly denied Town Bus's motion for summary judgment with regard to the issue of negligent hiring and retention, inasmuch as questions of fact exist as to the adequacy of the screening process by which Town Bus selected new employees and whether it took appropriate measures to evaluate the subject employee's fitness at the time of his hiring (*see, Pratt v Ocean Med. Care,* 236 AD2d 380). Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.