Johansmeyer v New York City Dept. of Educ. (2018 NY Slip Op 06518)





Johansmeyer v New York City Dept. of Educ.


2018 NY Slip Op 06518


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-10262
 (Index No. 29923/10)

[*1]Anthony Johansmeyer, etc., et al., respondents, 
v
New York City Department of Education, et al., appellants, et al., defendants.


Rutherford and Christie, New York, NY (Lauren E. Bryant of counsel), for appellants New York City Department of Education and City of New York.
Marshall, Conway & Bradley, P.C., New York, NY (Amy S. Weissman and Lauren Turkel of counsel), for appellant Child Center of NY, Inc.
Betti & Associates, New York, NY (Callan & Byrnes and Pollack, Pollack, Isaac & De Cicco, LLP [Brian J. Isaac and Michael H. Zhu], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, supervision, and retention, the defendants New York City Department of Education and City of New York appeal, and the defendant Child Center of NY, Inc., separately appeals, from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), dated September 8, 2015. The order, insofar as appealed from, denied those branches of the motion of the defendants New York City Department of Education and of City of New York and the cross motion of the defendant the Child Center of NY, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
This action arises out of acts of sexual abuse and molestation inflicted upon the infant plaintiff by the defendant Joseph Denice. At all relevant times, the infant plaintiff was a student at IS 25 Adrien Block School (hereinafter the school), a part of the defendant New York City Department of Education (hereinafter the DOE). He was also a participant in an after school program on the school's premises which was operated by the defendant Child Center of NY, Inc. (hereinafter Child Center). Denice was employed by Child Center in the after school program, and also served as an intern in the school's guidance department.
In 2010, the infant plaintiff, by his mother, and his parents suing derivatively, commenced this action against the DOE, the City of New York, and Child Center, among others. The plaintiffs alleged, inter alia, that the DOE and Child Center were negligent in their hiring, supervision, and retention of Denice. The DOE and the City (hereinafter together the DOE defendants) moved, and Child Center cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied that branch of the [*2]DOE defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE, on the ground that triable issues of fact existed as to the DOE's negligence. The court denied that branch of Child Center's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it as untimely. The DOE defendants and Child Center appeal.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business'" (Jackson v New York Univ. Downtown Hosp., 69 AD3d 801, 801, quoting Fernandez v Rustic Inn, Inc., 60 AD3d 893, 896), the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee (see Chichester v Wallace, 150 AD3d 1073; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 161; see Detone v Bullit Courier Serv., 140 AD2d 278). The employer's negligence lies in having " placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention'" of the employee (Sandra M. v St. Luke's Roosevelt Hosp. Ctr., 33 AD3d 875, 878-879, quoting Detone v Bullit Courier Serv., 140 AD2d at 279).
Here, the DOE defendants failed to make a prima facie showing that the DOE was not negligent with respect to the hiring, retention, and supervision of Denice. The DOE defendants' own submissions in support of their motion for summary judgment raised a triable issue of fact as to whether the DOE took the appropriate measures to evaluate Denice's employment and fitness at the time he was allowed to intern at the school (see Giangrasso v Association for Help of Retarded Children, 243 AD2d 680; Pratt v Ocean Med. Care, 236 AD2d 380, 381). Moreover, there is a triable issue of fact as to whether the DOE had notice of the potential for harm to the infant plaintiff such that its alleged negligence in supervising and retaining Denice "placed [Denice] in a position to cause foreseeable harm" (Detone v Bullit Courier Serv., 140 AD2d at 279; see Doe v Whitney, 8 AD3d 610; Garcia v City of New York, 222 AD2d 192, 196).
Generally, liability may not be imposed upon school authorities where all of the improper acts against a student occurred off school premises and outside school hours (see Tanaysha T. v City of New York, 130 AD3d 916). Here, however, the DOE defendants' submissions demonstrated that, although the sexual abuse ultimately occurred in the infant plaintiff's home, it was preceded by time periods when the infant plaintiff was alone with Denice during school hours on a regular basis. During these times, Denice engaged in inappropriate behavior, including physical touching. Thus, triable issues of fact exist regarding, inter alia, whether the DOE knew or should have known of such behavior and Denice's propensity for sexual abuse (see Doe v Whitney, 8 AD3d 610). Accordingly, we agree with the Supreme Court's denial of that branch of the DOE defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE.
We also agree with the Supreme Court's denial of the subject branch of Child Center's cross motion (see McDonald v Sunstone Assoc., 39 AD3d 603, 605). The cross-motion was untimely, and, in any event, even though Child Center demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for negligent hiring by submitting the deposition transcript of its administrative director, the plaintiffs, in opposition, raised a triable issue of fact. They submitted, inter alia, Denice's Child Center employee records which indicated that Child Center never checked references, clearances, proof of education, or New York State registration (see Giangrasso v Association for Help of Retarded Children, 243 AD2d at 680; Pratt v Ocean Med. Care, 236 AD2d at 381). As to the causes of action to recover damages for negligent retention and supervision, Child Center failed to demonstrate, prima facie, its entitlement to judgment as a matter of law. According to the deposition testimony of Child Center's administrative director, Denice's alleged conduct of permitting students in the after school program to leave the classroom at will was a violation of the program's rules which should have resulted in [*3]termination of his employment. In addition, triable issues of fact exist regarding whether Child Center knew or should have known of Denice's propensity for sexual misconduct (see Kim L. v Port Jervis City School Dist., 77 AD3d 627, 630; Doe v Board of Educ. of Morris Cent. School, 9 AD3d 588, 590).
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court