D.T. v Sports & Arts in Schs. Found., Inc. (2021 NY Slip Op 02556)





D.T. v Sports & Arts in Schs. Found., Inc.


2021 NY Slip Op 02556


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-05491
 (Index No. 7922/15)

[*1]D.T., etc., respondent, 
v
Sports and Arts in Schools Foundation, Inc., appellant.


Rutherford & Christie, LLP, New York, NY (David S. Rutherford and L. Diana Mulderig of counsel), for appellant.
Greenberg & Merola, LLP, Baldwin, NY (Hayley Greenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring and negligent retention, the defendant appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 21, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for negligent hiring and negligent retention.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises out of certain alleged sexual acts committed upon the plaintiff, a minor, by nonparty Tyshaunna Roberts. At all relevant times, the plaintiff was a student in the defendant's after-school and summer camp programs, which assisted children with their homework and operated classes such as dance. Roberts, who was employed by the defendant, worked in those programs and served as a dance instructor.
The plaintiff, by her mother and natural guardian, commenced this action alleging, inter alia, that the defendant was negligent in its hiring and retention of Roberts. The defendant moved, inter alia, for summary judgment dismissing the causes of action alleging negligent hiring and negligent retention. The Supreme Court denied those branches of the motion, and the defendant appeals.
Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring and retention of the employee (see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635-636; Chichester v Wallace, 150 AD3d 1073, 1074; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 161; see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 635-636; S.C. v New York City Dept. of Educ., 97 AD3d 518, 519-520; Detone v Bullit Courier Serv., 140 AD2d 278). The employer's negligence lies in having "'placed the employee [*2]in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention'" of the employee (Sandra M. v St. Luke's Roosevelt Hosp. Ctr., 33 AD3d 875, 878-879, quoting Detone v Bullit Courier Serv., 140 AD2d at 279; see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 635-636).
Here, the defendant failed to make a prima facie showing that the defendant was not negligent with respect to the hiring of Roberts. The defendant's submissions in support of its motion raised a triable issue of fact as to whether the defendant took the appropriate measures to evaluate Roberts's employment and fitness at the time she was hired (see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636; Chichester v Wallace, 150 AD3d at 1075; Giangrasso v Association for Help of Retarded Children, 243 AD2d 680; Pratt v Ocean Med. Care, 236 AD2d 380, 381). Moreover, with regard to the negligent retention cause of action, there is a triable issue of fact as to whether the defendant had notice of the potential for harm to the plaintiff by Roberts (see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for negligent hiring and negligent retention.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court