Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church (2021 NY Slip Op 05360)





Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church


2021 NY Slip Op 05360


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-05379
 (Index No. 900049/19)

[*1]Jane Roe, respondent, 
v
Domestic and Foreign Missionary Society of the Protestant Episcopal Church, et al., appellants.


Barnes & Barnes, P.C., Melville, NY (Leo K. Barnes, Jr., and Ryan J. McMahon of counsel), for appellant Domestic and Foreign Missionary Society of the Protestant Episcopal Church.
Nixon Peabody LLP, Rochester, NY (Eric M. Ferrante of counsel), for appellants Episcopal Diocese of Long Island and Christ Episcopal Church.
Vishnick McGovern Milizio LLP, Lake Success, NY (Avrohom Gefen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring and retention, the defendants Episcopal Diocese of Long Island and Christ Episcopal Church appeal, and the defendant Domestic and Foreign Missionary Society of the Protestant Episcopal Church separately appeals, from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered June 26, 2020. The order, insofar as appealed from by the defendants Episcopal Diocese of Long Island and Christ Episcopal Church, denied those branches of their motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent hiring and retention and intentional infliction of emotional distress insofar as asserted against them. The order, insofar as appealed from by the defendant Domestic and Foreign Missionary Society of the Protestant Episcopal Church, denied those branches of its motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent hiring and retention and intentional infliction of emotional distress insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Episcopal Diocese of Long Island and Christ Episcopal Church and the defendant Domestic and Foreign Missionary Society of the Protestant Episcopal Church which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent hiring and retention and intentional infliction of emotional distress insofar as asserted against each of them are granted.
The plaintiff commenced this action pursuant to CPLR 214-g, asserting, inter alia, causes of action alleging negligent hiring and retention and intentional infliction of emotional distress. The complaint alleged that when the plaintiff was seven years old, she was abducted near her home by a man (hereinafter the alleged attacker) who drove her to a secluded area and brutally [*2]sexually assaulted her. The complaint further alleged that at the time of the assault, the alleged attacker was employed and/or under the supervision of the defendants, Domestic and Foreign Missionary Society of the Protestant Episcopal Church (hereinafter the DFMS), Episcopal Diocese of Long Island (hereinafter the Diocese), and Christ Episcopal Church (hereinafter the Church).
Prior to the joinder of issue, the Diocese and the Church moved, and the DFMS separately moved, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them. In an order entered June 26, 2020, the Supreme Court, inter alia, denied those branches of the separate motions which were to dismiss the causes of action alleging negligent hiring and retention and intentional infliction of emotional distress insofar as asserted against each of the defendants. The Diocese and the Church appeal, and the DMFS separately appeals.
As a threshold matter, there is no merit to the DFMS's contention that it played no role in hiring, supervising, transferring, or disciplining the alleged attacker because its Constitution and Canons state that the hiring, transfer, and discipline of local priests is performed at the local and diocesan levels, and not at the churchwide level. "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Greenberg v Spitzer, 155 AD3d 27, 44 [internal quotation marks omitted]). Here, the dispute is not regarding the existence or contents of the DMFS's Constitution and Canons, but concerning what the DMFS actually did, or did not do, with respect to the hiring, transfer, or discipline of the alleged attacker. Since the Constitution and Canons neither prove nor disprove any of the plaintiff's factual allegations, the DMFS failed to establish any grounds to dismiss, pursuant to CPLR 3211(a)(1), the negligent hiring and retention and intentional infliction of emotional distress causes of action insofar as asserted against it.
We reach a different conclusion, however, with respect to the defendants' contentions pursuant to CPLR 3211(a)(7).
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), we afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662). With respect to a cause of action alleging negligent hiring and retention, "[t]he employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635-636 [internal quotation marks omitted]). As such, a necessary element of a cause of action to recover damages for negligent hiring and retention is a nexus or connection between the defendant's negligence in hiring and retaining the offending employee and the plaintiff's injuries (see Miller v Miller, 189 AD3d 2089, 2091; Gonzalez v City of New York, 133 AD3d 65, 70). Here, the plaintiff failed to allege any such nexus, since the sexual assault occurred far from the Church's premises, and there is no allegation in the complaint that the plaintiff had any prior contact with the alleged attacker, any prior relationship with any of the defendants, or even any knowledge, at the time of the sexual assault, that the alleged attacker was employed by the defendants. Even assuming, as we must, that the defendants were negligent in hiring or retaining the alleged attacker, there is simply no nexus between the alleged attacker's employment and the sexual assault (see "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705-706; Anonymous v Dobbs Ferry Union Free School Dist., 290 AD2d 464, 464-465; K.I. v New York City Bd. of Educ., 256 AD2d 189, 192).
Similarly, the complaint failed to state a viable cause of action alleging intentional infliction of emotional distress. The elements of an intentional infliction of emotional distress cause of action are "(1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). Here, the complaint failed to allege a causal connection between the defendants' allegedly outrageous conduct and the [*3]plaintiff's injuries (cf. LoFaso v City of New York, 66 AD3d 425, 426; Brown v Sears Roebuck & Co., 297 AD2d 205, 212).
Accordingly, the Supreme Court should have granted those branches of the separate motions of the Diocese and the Church, and the DMFS, which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent hiring and retention and intentional infliction of emotional distress insofar as asserted against each of them.
In light of our determination, we need not reach the defendants' remaining contention.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court