MCVAWCC-Doe v Town of Cortlandt (2024 NY Slip Op 04956)

MCVAWCC-Doe v Town of Cortlandt

2024 NY Slip Op 04956

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-11071
2024-02405
 (Index No. 60651/21)

[*1]MCVAWCC-Doe, appellant, 
v
Town of Cortlandt, et al., defendants, Village of Buchanan, respondent.

Merson Law PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (William T. McCaffery of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated October 5, 2023, and (2) an order of the same court dated January 17, 2024. The order dated October 5, 2023, insofar as appealed from, granted the motion of the defendant Village of Buchanan for summary judgment dismissing the complaint insofar as asserted against it. The order dated January 17, 2024, denied the plaintiff's motion for leave to reargue his opposition to that motion.
ORDERED that the appeal from the order dated January 17, 2024, is dismissed; and it is further,
ORDERED that the order dated October 5, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Village of Buchanan.
In 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that, as a 14-year-old child in 1992, he was sexually abused one evening by the defendant Timothy Rifkin in Rifkin's home, where Rifkin lived with his 14-year-old brother, who was a friend of the plaintiff. The plaintiff had met Rifkin at the Buchanan Teen Center (hereinafter the Teen Center), where Rifkin was employed by the defendant Village of Buchanan as the Teen Center's director. The complaint alleged causes of action, inter alia, to recover damages for negligence and negligent hiring, retention, and supervision. Following the completion of discovery, the Village moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it did not have actual or constructive notice of Rifkin's alleged propensity to engage in sexual abuse and that there was no nexus between Rifkin's employment and the alleged abuse, since the single incident of abuse took place off Village property and after Teen Center hours. The plaintiff opposed the motion. By order dated October 5, 2023, the Supreme Court, among other things, granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. By order dated January 17, 2024, the court denied the [*2]plaintiff's motion for leave to reargue his opposition to the Village's motion.
Contrary to the plaintiff's contention, the order dated January 17, 2024, denying reargument is not appealable (see Navarette v Alexiades, 50 AD3d 873, 873).
To sustain a cause of action sounding in negligent supervision of a child, "the plaintiff must establish that the defendant had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868 [internal quotation marks omitted]). "Similarly, to establish a cause of action based on negligent hiring, negligent retention, or negligent supervision of an employee, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (id. [alterations and internal quotation marks omitted]; see Hammill v Salesians of Don Bosco, 228 AD3d 738, 739; O'Neil v Roman Catholic Diocese of Brooklyn, 98 AD3d 485, 486; Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831) and that there exists a "connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church, 198 AD3d 698, 701). "[T]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Shor v Touch-N-Go Farms, Inc., 89 AD3d at 831 [internal quotation marks omitted]; see KM v Fencers Club, Inc., 164 AD3d 891, 892).
"An entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 895-896 [internal quotation marks omitted]). "The duty owed derives from the simple fact that [an entity], in assuming physical custody and control over [the children], effectively takes the place of parents and guardians" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723 [internal quotation marks omitted]; see Pratt v Robinson, 39 NY2d 554, 560; Restatement [Second] of Torts § 320). An entity's custodial duty ceases once the child has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection (see Pratt v Robinson, 39 NY2d at 560; Vernali v Harrison Cent. School Dist., 51 AD3d 782, 783).
Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no knowledge of any propensity by Rifkin to commit sexual abuse, either prior to or during his employment (see Hammill v Salesians of Don Bosco, 228 AD3d at 739; KM v Fencers Club, Inc., 164 AD3d at 892; Shor v Touch-N-Go Farms, Inc., 89 AD3d at 831). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; KM v Fencers Club, Inc., 164 AD3d at 893). Additionally, the Village established through the plaintiff's own deposition testimony that the sexual abuse occurred off its property and after Teen Center hours, when the Village "had no custody or control of the infant plaintiff and no duty to monitor or supervise the conduct of [Rifkin]" ("John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705; see Fain v Berry, 228 AD3d 626, 628; Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810). Indeed, the plaintiff testified at his deposition that on the night the abuse occurred, he was at Rifkin's home at the invitation of Rifkin's younger brother for a sleepover. In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, the record does not support a finding of any improper interactions between the plaintiff and Rifkin that took place on Village grounds during Teen Center hours prior to the subject incident (cf. Fain v Berry, 228 AD3d at 628).
Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court