Brauner v Locust Val. Cent. Sch. Dist. (2025 NY Slip Op 00418)

Brauner v Locust Val. Cent. Sch. Dist.

2025 NY Slip Op 00418

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-03893
 (Index No. 900144/20)

[*1]Wells Brauner, appellant, 
v
Locust Valley Central School District, et al., respondents (and a third-party action).

Bonina & Bonina, P.C. (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Demetra Agriantonis Maurice of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated January 10, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against the defendant Locust Valley Central School District.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against the defendant Locust Valley Central School District are denied.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleged, inter alia, that the defendants, Locust Valley Central School District (hereinafter the School District) and Locust Valley Middle School, negligently failed to prevent sexual abuse perpetrated by a teacher employed by the defendants.
The defendants moved, inter alia, for summary judgment dismissing the second cause of action, alleging negligence, and the fourth cause of action, alleging negligent hiring, retention, training, and supervision, insofar as asserted against the School District. The defendants argued, among other things, that the School District did not have actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse that she allegedly perpetrated. By order dated January 10, 2024, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846). "To [*2]establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]; see Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831-832) "and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (C.M. v West Babylon Union Free Sch. Dist., 231 AD3d 809, 811 [internal quotation marks omitted]; see Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church, 198 AD3d 698, 701). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable decisions respecting the hiring, . . . retention, or supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846-847).
Moreover, "[a] school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 724 [citations and internal quotation marks omitted]; see Sayegh v City of Yonkers, 228 AD3d at 691). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [internal quotation marks omitted]). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [school] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [internal quotation marks omitted]). "Therefore, actual or constructive notice to the school of prior similar conduct generally is required" (Sayegh v City of Yonkers, 228 AD3d at 691-692 [alterations and internal quotation marks omitted]). However, "[t]he adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (J.J. v Mineola Sch. Dist., 232 AD3d 713, 714 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that the School District was not negligent with respect to the hiring of the teacher. The defendants' submissions in support of their motion failed to eliminate triable issues of fact as to whether the School District took appropriate measures to evaluate the teacher's employment and fitness at the time she was hired (see D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097; Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636; Giangrasso v Association for Help of Retarded Children, 243 AD2d 680).
Moreover, the defendants failed to establish, prima facie, that the School District lacked constructive notice of the teacher's abusive propensities and conduct (see C.M. v West Babylon Union Free Sch. Dist., 231 AD3d at 812; Sayegh v City of Yonkers, 228 AD3d at 692). In particular, given the frequency of the alleged abuse, which occurred between 50 and 100 times over the course of two school years, inter alia, in a classroom and the school parking lot during school hours, the defendants did not eliminate triable issues of fact as to whether the School District should have known of the abuse (see Sayegh v City of Yonkers, 228 AD3d at 691; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846). The defendants similarly failed to demonstrate, prima facie, that the School District's supervision of both the teacher and the plaintiff was not negligent given that, among other things, the teacher was on "probationary" status during the relevant period, some of the incidences occurred while the plaintiff was alone with the teacher in her classroom, the teacher's personnel file contains only a single evaluation from the school during the relevant period, and multiple former students testified at their respective depositions that the teacher's inappropriate relationship with the plaintiff was readily apparent (see J.J. v Mineola Sch. Dist., 232 AD3d at 715; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against the School District, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court