| ARK77 v Archdiocese of N.Y. |
| --- |
| 2026 NY Slip Op 30781(U) |
| March 4, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 950063/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. SABRINA KRAUS**

*Justice*

PART           CVA 1

------------------------------------------------------------------------------X

ARK77,

                        Plaintiff,

                     - v -

ARCHDIOCESE OF NEW YORK, ST. DENIS, ST. COLUMBA, CHURCH OF THE IMMACULATE CONCEPTION, DOES 1-5 WHOSE IDENTITIES ARE UNKNOWN TO PLAINTIFF

                        Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 950063/2019 |
| MOTION DATE | 01/29/2026 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88

were read on this motion to/for                JUDGMENT - SUMMARY      .

## BACKGROUND

Plaintiff commenced this CVA action seeking damages for alleged sexual abuse at the hand of two Priests. Plaintiff asserts causes of action for negligence, negligent supervision and training of employees and negligent retention of employees.

On February 25, 2026, Church of the Immaculate Conception ("Immaculate Conception") moved for summary judgment and dismissal of the action.

On March 4, 2026, the motion was fully briefed and the Court reserved decision.

For the reasons set forth below, the motion is denied.

## FACTS

Based on the parties' submissions the following facts are uncontested.[1]

---

[1] While movant couches each fact in its statement as "Plaintiff alleges" the Court notes there is no evidence contradicting Plaintiff's sworn testimony on these points.

**950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK**          **Page 1 of 7**
**Motion No.  002**

[* 1]

Plaintiff was a parishioner at St. Columba Roman Catholic Church ("St. Columba").

From 1979 to 1986, when he was approximately twelve to eighteen years old, Plaintiff was sexually abused by Father Gennaro Gentile ("Gentile"). Plaintiff met Gentile while Gentile was serving as a Priest and Plaintiff was serving as an altar boy at St. Columba.

Plaintiff was abused by Gentile repeatedly in various locations, including the rectory at St. Columba, the rectory at St. Mary's, Gentile's vacation home in Ballston Lake ("the Cabin") and the rectory of Immaculate Conception. Over the course of about six years, Gentile sexually abused Plaintiff between 30 and 100 times. The abuse included forced, reciprocal naked massages, and on several occasions, Gentile ejaculated while Plaintiff was massaging his body.

Throughout this period of abuse, Gentile groomed Plaintiff by taking him to Broadway plays, out to dinner in New York City, to the movies, to the Bronx Zoo, and to college visits. Gentile used these opportunities to build trust and isolate Plaintiff, often abusing him upon return from these trips.

The first instance of abuse occurred in the rectory of St. Columba in 1979 when Plaintiff was about 12 years old. Gentile took Plaintiff up to his bedroom on the second floor and removed Plaintiff's shirt to give him a massage. During the massage, Gentile removed Plaintiff's pants and later removed his underwear.

Following the first instance of abuse, Gentile would also have Plaintiff massage him during each encounter. When Plaintiff was abused at St. Columba, another parish priest, Father Meehan ("Meehan"), was in the rectory and observed Gentile take Plaintiff upstairs to Gentile's bedroom.

Plaintiff was also abused at Gentile's cabin. Other boys from the church would go to the cabin as well, but there were other occasions when it was just Plaintiff and Gentile. While at the

**950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK**                                    **Page 2 of 7**
**Motion No.  002**

2 of 7

cabin Gentile had Plaintiff would sleep in the same as him. Gentile would massage Plaintiff in the same manner as he would in the rectory at St. Columba.

The next instance of abuse occurred following Father Gentile's reassignment to St. Mary's Church in Marlboro, New York.

Following his reassignment, Gentile continued to pursue Plaintiff and would occasionally come pick Plaintiff up to travel to the cabin from the church in Marlboro.

The next instance of abuse occurred at Immaculate Conception in Tuckahoe, New York. At the time of the abuse at Immaculate Conception, Plaintiff was about sixteen or seventeen years old and at Gentile's invitation would drive himself to visit Gentile. On these occasions other adults were present. Three other clerics lived in the rectory, and several laypeople worked at the rectory, including a receptionist, a cook, a housekeeper, and a cemetery coordinator.

The final instance of abuse occurred in the rectory of a church in Bronx, New York.

Plaintiff did not tell anyone about the abuse at the time it occurred, and Plaintiff was not aware of Gentile's abuse of other boys.

Gentile attended St. Joseph's Seminary in Dunwoodie, New York between 1965 and 1971. The Archbishop assigned Gentile to serve as associate pastor at St. Mary's in Wappingers Falls, New York, effective June 16, 1970. While working at this parish, Gentile sexually abused at least one minor parishioner in the rectory.

Less than one year later, the Archbishop reassigned Gentile to a different parish—St. Mary's in Poughkeepsie. Following this reassignment, Gentile's supervisor at St. Father Richard O'Gorman (known as "Moose") wrote to the personnel director of the Archdiocese to express concern that Gentile had not been moved farther away from St Mary's Parish.

**950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK**                    **Page 3 of 7**
  **Motion No.  002**

3 of 7

[* 3]

While working at St. Mary's in Poughkeepsie, Gentile sexually abused at least three minor parishioners: one at Gentile's cabin in Ballston Lake, New York; one in the rectory and TV room at St. Mary's; and one in the rectory of St. Mary's, wherein two nuns witnessed the minor enter Gentile's bedroom on the last occasion of abuse.

On June 26, 1982, Gentile began his assignment as associate pastor at St. Mary's in Marlboro, New York. Five months later, on November 25, 1983, the Archdiocese transferred Gentile to Church of St. Eugene's in Yonkers, New York. Again, five months later on April 22, 1984, the Archdiocese transferred Gentile out of St. Eugene's to serve a temporary assignment before beginning his assignment at Defendant on May 1, 1984.

Associate pastors, such as Gentile, typically serve a three-year term before changing assignments.

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). To prevail on summary judgment, the movant must establish *prima facie* entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]). A defendant's initial burden on summary judgment cannot be satisfied by "merely point[ing] to perceived gaps" in a plaintiff's proof "rather than submitting evidence showing why" the plaintiff's claim fail (*Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019] [alteration in original]).

When the movant meets this burden, summary judgment will be denied only when the nonmovant provides evidence in admissible form demonstrating the existence of triable issues of

950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK                    Page 4 of 7
Motion No.  002

[* 4]                                    4 of 7

fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, "[m]ere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016] [alteration in original]). Courts view the evidence in a light most favorable to the nonmovant and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### *Duty*

To succeed on its motion Movant must make a prima facie showing that as a matter of law one of the three elements of Plaintiff's negligence claim fails. The elements are duty, breach and damages as a proximate result of the breach. (*Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]). The issue of duty is one for the Court, while the issues of breach and proximate cause are inherently factual. (*Ferreira v City of Binghamton*, 38 NY3d 298 [2022]).

Movant first argues that it owed Plaintiff no duty because Plaintiff was not its Parishioner. There is no legal authority for such proposition.

The duty of care in supervising an employee extends to any person injured by the employee's misconduct. (*Waterbury v. New York City Ballet, Inc.*, 205 AD3d 154, 161 [1st Dept 2022].) An entity has an obligation to adequately supervise its employees, and is liable for negligent hiring, retention or supervision of an employee who has the propensity to cause foreseeable harm. (*See Roe v. Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church*, 198 AD3d 698, 701 [2d Dept 2021].)

The facts show that Plaintiff was abused when he was a child and on the premises of movant, at the invitation of Gentile who was then employed by or an agent of Movant.

**950063/2019 ARK77 vs. ARCHDIOCESE OF NEW YORK**
**Motion No. 002**

**Page 5 of 7**

5 of 7

By this time there was also reason for Movant to know that Gentile required detailed supervision based on the numerous transfers he had prior to coming to Immaculate Conception. Defendant was obligated to protect Plaintiff against the foreseeable risk of harm by Gentile to Plaintiff on its premises because it controlled Gentile and was responsible for what happened on its premises. Landowners and leaseholders have a duty to "protect tenants, patrons and invitees from foreseeable harm caused by the criminal conduct of others while they are on the premises, because the special relationship puts them in the best position to protect against the risk." (532 *Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 NY2d 280, 289 [2001].) That duty includes "minimiz[ing] foreseeable dangers on [the] property, including the criminal acts of third parties." (*Nallan v. Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980].)

Viewing the facts in the light most favorable to Plaintiff, as the Court must, the Court finds that Movant had a duty to Plaintiff to supervise both Plaintiff and Gentile while they were on the premises of Immaculate Conception.

### *Notice*

In making its argument on notice, Movant misconstrues the burden of proof and asks the Court to rely on perceived gaps in Plaintiff's proof at trial by arguing there is no evidence that Movant had prior notice of Gentile's proclivities. Movant fails to come forward with evidence establishing its alleged lack of notice as a matter of law. *Kwitko v. Camp Shane, Inc.*, 224 A.D.3d 895, 896 (2nd 2024).

Assuming *arguendo* it had come forward with such evidence, Plaintiff has established triable issues of fact on this point given the Archdiocese's notice and repeated transfers of Gentile, as well as the relationship between the Archdiocese and Movant. Plaintiff also cites

950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK                                    Page 6 of 7
Motion No.  002

6 of 7

several instances where other adults under the orbit of both the Archdiocese and Movant observed or should have observed Gentile's inappropriate conduct with Plaintiff.

### *There is no cause of action asserted under Respondeat Superior*

As noted above, Plaintiff asserts causes of action for negligence, negligent training and supervision, and negligent retention. Plaintiff's theories of liability do not rely upon a *respondeat superior* theory. As such, whether Gentile was acting within the scope of his employment when he abused Plaintiff is not relevant. (*Mazzarella v. Syracuse Diocese*, 100 AD3d 1384 [4th Dept 2012]).

## CONCLUSION

WHEREFORE it is hereby

ORDERED that the motion of Immaculate Conception for Summary Judgment (mot. seq. 002) is denied in its entirety; and it is further

ORDERED that the parties appear for a virtual pre-trial on April 22, 2026, at 2:00 pm at which time a final trial date will be set.

This constitutes the decision and order of this Court.

20260304144845SBKRAUS8FDE7BE6A354428F8BBFCE5787699FCA

**3/4/2026**
**DATE**

**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**950063/2019   ARK77 vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  002**

**Page 7 of 7**

[* 7]
7 of 7